Matthias, J.
Two basic questions are raised in this case. First, is the market value of real property the basis upon which true value is determined for the purpose of tax assessment? Second, where it is apparent that real property in the various classes and counties are being assessed on different percentages of value, is there a duty on the Board of Tax Appeals to order the county auditors to equalize such assessments?
The determination of the first of these questions requires an examination of the constitutional and statutory provisions relating to the taxation of real property.
The criterion for the assessment and taxation of real property is set forth in Section 2, Article XII of the Ohio Constitution, and Section 5713.01, Revised Code.
Section 2, Article XII of the Constitution, provides:
“Land and improvements thereon shall be taxed by uniform rule according to value. ”
*412 Section 5713.01, Revised Code, provides:
‘ ‘ The auditor shall assess all the real estate situated in the county at its true value in money. ’ ’
There is no provision in the Constitution for a classification of real property according to use, rather the rule is that all real property must be taxed according to its value.
It is clear that under the Ohio law all real property, regardless of its nature or use, may be assessed and taxed only by a uniform rule on the basis of value.
Thus, the determinative issue is: What is the value or true value in money of real property?
In the last analysis the value or true value in money of any property is the amount for which that property would sell on the open market by a willing seller to a willing buyer. In essence, the value of property is the amount of money for which it may be exchanged, i. e., the sales price.
Respondent urges that the sales price is only one of many things which must be taken into account in determining value.
The confusion in the area of valuation arises from a failure to differentiate between the ultimate result which is sought to ■be attained, namely, the value of the property in question, and the methods which may be used to determine such value in the absence of an actual sale.
The best method of determining value, when such information is available, is an actual sale of such property between one who is willing to sell but not compelled to do so and one who is willing to buy but not compelled to do so. Paragraph two of the syllabus in In re Estate of Sears, 172 Ohio St., 443, 178 N. E. (2d), 240. This, without question, will usually determine the monetary value of the property. However, such information is not usually available, and thus an appraisal becomes necessary. It is in this appraisal that the various methods of evaluation, such as income yield or reproduction cost, come into action. Yet, no matter what method of evaluation is used, the ultimate result of such an appraisal must be to determine the amount which such property should bring if sold on the open market.
Therefore, the value, or true value in money of property for the purpose of taxation, is that amount which should result from a sale of such property on the open market. The board, in *413 compiling the sales prices, refined them in order to more closely approximate true market value. All forced sales, sales from or to a political subdivision and sales between related persons were excluded.
This brings us to a consideration of a question which is ancillary to the question of value. It is and has been the practice in this state for taxation purposes to establish an assessed value of less than actual value, in other words, to assess property for taxation only for a percentage of the actual value. This raises the question of uniformity. Taxation by uniform rule within the requirement of the constitutional provision requires uniformity in the mode of assessment. Thus, inasmuch as property is not assessed on the basis of full value, the percentage of such value which is the basis of taxation or, in other words, the tax basis must be relatively uniform not only throughout the state but also as to the various classes of real property. As pointed out above, there is no constitutional authorization for classification of real property for taxation in relation to its nature or use. All property, whether commercial, residential or vacant, must be assessed on the basis of the same uniform percentage of actual value.
Thus, if the ratio between sales price and assessed value in general differs to any appreciable extent, either throughout the state as a whole or as to various classes of property in particular, then property is not being taxed by uniform rule as required by Section 2, Article XII of the Ohio Constitution.
The second problem raised by this case is the duty of the Board of Tax Appeals when such condition exists.
Under the provisions of Section 5715.24, Bevised Code, the Board of Tax Appeals is made the board of equalization for the state, with the duty of supervising the assessment of real property in order to ensure that every class of real property is listed and valued for taxation by an equal and uniform rule at its true value in money. Under this section, if an inequality exists it is the board’s duty to so determine and, under Section 5715.25, Bevised Code, to direct the county auditor to adjust the assessments so that the assessments are by uniform rule.
The equalization itself is a matter for the attention of the Board of Tax Appeals upon a proper presentation of evidence.
*414 The hoard, therefore, is directed to perform its statutory duties by reviewing the tax assessments in Cuyahoga County in relation to whether such assessments were made by uniform rule and, if it finds that discrepancies exist in the tax assessments, as a whole or among the various classes of property, to direct such an order as is necessary to the county auditor to equalize such assessments. The writ of mandamus is allowed.

Writ allowed.

Taft, C. J., O’Neill and Herbert, JJ., concur.
Zimmerman and Griffith, JJ., concur in the syllabus.
Gibson, J., dissents.